IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYLVESTER C. EKWUNIFE,<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br>*Defendants* | :<br>:<br>: | NO. 23-1720 |

## MEMORANDUM

PRATTER, J.                                                                                              DECEMBER 12th, 2023

Sylvester Ekwunife filed this *pro se* mandamus action seeking to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his apparently pending I-485 Application to Adjust Status to Lawful Permanent Resident without delay. USCIS moves to dismiss Mr. Ekwunife's complaint because it is moot. The Court grants the motion to dismiss.

### BACKGROUND

Mr. Ekwunife is a native and citizen of Nigeria. On January 20, 1982, Mr. Ekwunife relocated to the United States, and on June 14, 1984, he married Shawn Montgomery, an American citizen. Ms. Montgomery filed an I-130, Petition for Alien Relative, on his behalf. This allowed Mr. Ekwunife to file a Form I-485, Application to Register Permanent Residence or Adjust Status, which was denied after Ms. Montgomery withdrew the underlying I-130 petition.

Mr. Ekwunife later married Dafne Ekwunife, which whom he has six children, including his daughter Shamika Chioma Ekwunife. Mr. Ekwunife's daughter filed a new I-130 petition on Mr. Ekwunife's behalf on June 12, 2017. The USCIS approved Mr. Ekwunife's I-130 petition on March 19, 2018. Mr. Ekwunife then filed another Form I-485 Application on August 10, 2018, seeking to adjust his status to that of a lawful permanent resident based on the approved I-130 petition. USCIS interviewed Mr. Ekwunife on June 18, 2019.

1

On June 9, 2020, USCIS issued a Notice of Intent to Revoke the then-approved I-130 petition. The notice informed Mr. Ekwunife's daughter that its revocation was based on a finding by USCIS that Mr. Ekwunife's prior marriage to Ms. Montgomery was fraudulent. Mr. Ekwunife's daughter responded to the notice, and after considering her response, USCIS issued a final decision revoking its approval of the I-130 petition on August 25, 2020. That same day, USCIS denied Mr. Ekwunife's Form I-485 Application due to the lack of an underlying approved I-130 petition.

On August 26, 2020, the day after USCIS revoked the I-130 petition, USCIS notified Mr. Ekwunife that the I-130 petition had been reopened. Mr. Ekwunife avers that the I-130 petition and/or the I-485 application to adjust status have therefore been open since August 26, 2020, and that the USCIS's failure to adjudicate for three years is unreasonable. Mr. Ekwunife filed the present action on May 2, 2023, seeking to compel USCIS to adjudicate the allegedly pending Form I-485 Application.

According to USCIS, the case officer was required to reopen Mr. Ekwunife's Form I-130 to revoke USCIS's prior approval of the form. The reopening and subsequent revocation both reportedly took place on August 25, 2020. However, USCIS asserts that "[i]t appears that inputting th[ese] action[s] in the agency system automatically triggered the USCIS National Benefits Center to send a notice one day later, on August 26, 2020, informing the petitioner of the Form I-130's reopening. The USCIS case status website therefore showed the latest status for the Form I-130 . . . to be the August 26, 2020 reopening, and not the August 25, 2020 revocation. . . . [Mr.] Ekwunife therefore apparently believed the I-130 was still pending." Mem. in Support of Def.'s Mot. to Dismiss at 4, Doc. No. 6. Despite this discrepancy, USCIS argues that the latest action on the I-130 petition is in fact the August 25, 2020 revocation and not the August 26, 2020 reopening. Thus, according to USCIS, the I-130 petition is not pending but has been revoked.

2

USCIS has since re-issued and mailed to Mr. Ekwunife duplicate copies of an August 25, 2020, letter revoking the approval of the Form I-130 and an August 25, 2020, letter denying the Form I-485 Application. On June 13, 2023, the United States Attorney's Office also informed Mr. Ekwunife via email that USCIS had revoked his I-130 petition. For these reasons, USCIS moves to dismiss Mr. Ekwunife's complaint as moot under Federal Rule of Civil Procedure 12(b)(1).

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges a federal court's authority to hear a claim for lack of subject matter jurisdiction. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 & n.3 (3d Cir. 2006). "At issue in a Rule 12(b)(1) motion is the court's very power to hear the case." *Id.* at 302 (internal quotation marks omitted). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (internal citations omitted). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

"Mootness is a proper basis for a 12(b)(1) motion to dismiss because the mootness doctrine implicates jurisdictional matters." *Mayer v. Wallingford-Swarthmore Sch. Dist.*, 405 F. Supp. 3d 637, 640 (E.D. Pa. 2019). "Under Article III, section 2 of the U.S. Constitution, federal judicial power extends only to cases or controversies. If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." *United States v. Gov't of V.I.*,

3

363 F.3d 276, 284–85 (3d Cir. 2004). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). There must be a "a justiciable case or controversy . . . at all stages of review, not merely at the time the complaint is filed." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (per curiam) (internal quotation marks omitted). Thus, "[t]he central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007) (quoting *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003)).

## DISCUSSION

The Court construes USCIS's motion to dismiss on mootness grounds as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court considers USCIS's challenge to subject matter jurisdiction to be a factual challenge, rather than a facial challenge. USCIS challenges the facts set forth in the complaint and attaches documents in support of its asserted factual narrative.[1] Thus, the Court considers the evidence submitted by USCIS, *Gould*, 220 F.3d at 176, and it will "weigh the evidence [to] satisfy itself as to the existence of its power to hear [Mr. Ekwunife's] case," *Davis*, 824 F.3d at 346.

USCIS sent a misleading automatic notification to Mr. Ekwunife on August 26, 2020. The day prior to this notification, USCIS revoked its approval of Mr. Ekwunife's I-130 petition and denied his Form I-485 application as a result. *Following* this revocation and denial, Mr. Ekwunife

---

[1] The documents attached to USCIS's motion to dismiss include: (1) USCIS's decision letter dated August 25, 2020 denying Mr. Ekwunife's Form I-485 application; (2) USCIS's Notice of Intent to Revoke letter dated June 9, 2020 informing Mr. Ekwunife's daughter, Shamika Ekwunife, that USCIS intends to revoke its approval of the I-130 petition Ms. Ekwunife filed on behalf of her father; and (3) USCIS's decision letter dated August 25, 2020 revoking the I-130 petition filed by Mr. Ekwunife's daughter on his behalf.

4

received notification that his Form I-130 had been "reopened." Opp. to Mot. to Dismiss, Ex. A, Doc. No. 8-1. USCIS sent letters to Mr. Ekwunife and his daughter informing them of the revocation and denial, but all three letters attached to USCIS's Motion to Dismiss *pre-date* the August 26 notification. Mot. to Dismiss, Ex. A, Doc. No. 6-1 (dated August 25, 2020); *Id.* at Ex. B, Doc. No. 6-2 (dated June 9, 2020); *Id.* at Ex. C., Doc. No. 6-3 (dated August 25, 2020). By contrast, the most recent communication Mr. Ekwunife received from USCIS, which *post-dated* all three letters, unambiguously stated: **"Case Was Reopened."** Opp. to Mot. to Dismiss, Ex. A, Doc. No. 8-1 (original emphasis).

It is of course natural for one to assume that the most recent communication from another is the most current one. Thus, the Court cannot say that Mr. Ekwunife unjustifiably relied on the most recent communication from USCIS in believing that his Form I-130 and Form I-485 Application remained pending. After being marked "reopened" for three years, Mr. Ekwunife brought the present mandamus action because it appeared that USCIS still had not issued a final decision. However, this appearance was not reality: USCIS had in fact already revoked its approval of Mr. Ekwunife's Form I-130 and denied his Form I-485 Application. Because the Court cannot constitutionally order USCIS to do that which it has already done, the case is dismissed as moot.

The issue before the Court is not novel. Numerous courts have dealt with similar cases involving mandamus actions seeking to compel USCIS to adjudicate pending, residency-related forms. Even where USCIS merely takes some action to move the adjudication forward, federal district courts have deemed plaintiffs' mandamus actions moot and dismissed them for lack of subject matter jurisdiction. *See, e.g., Bokhari v. Garland*, No. 23-cv-1474-GRB, 2023 WL 5283898, at *1–2 (E.D.N.Y. Aug. 17, 2023) (deeming plaintiff's mandamus action moot because USCIS issued a request for evidence which "eliminat[ed] the inaction predicate for an undue delay

5

claim under the APA"); *Meng v. U.S. Citizenship & Immigr. Servs.*, 597 F. Supp. 3d 552, 554 (E.D.N.Y. 2022) (explaining that because "an agency's refusal to act on an application for adjustment of status is a prerequisite for the existence of a case or controversy," plaintiff's mandamus action was moot after USCIS "acted on Plaintiff's application by issuing a request for evidence"); *Wang v. U.S. Citizenship & Immigr. Servs.*, No. 22-cv-149, 2022 WL 17851621, at *1–2 (E.D.N.Y. Aug. 3, 2022) (deeming plaintiff's mandamus action moot because USCIS "acted on Plaintiff's application by scheduling an interview"); *Markandu v. Thompson*, No. 07-4538, 2008 WL 11510675, at *2–3 (D.N.J. June 11, 2008) (granting motion to dismiss mandamus action as moot because "the USCIS has adjudicated [Mr.] Markandu's application and communicated this through its intent to deny letter . . . therefore, [the Court] finds that it can grant no further meaningful relief, and that the entire case is moot"). Where, as in Mr. Ekwunife's case, USCIS has not merely moved the adjudication forward but has completed the adjudication, it follows *a fortiori* that an action for mandamus is moot.

Furthermore, where USCIS reaffirms its prior decision after a mandamus action is initiated, the action becomes moot, and the Court can no longer exercise jurisdiction. *See Khanom v. Kerry*, 37 F. Supp. 3d 567, 574 (E.D.N.Y. 2014). In *Khanom*, the plaintiff sought a mandamus order compelling USCIS to act on a Form I-130. *Id.* at 570. USCIS had previously approved the Form I-130 but later issued a Notice of Intent to Revoke the approval. *Id.* The plaintiff filed a response to the notice, and after considering this response, the USCIS reaffirmed its prior decision to grant the Form I-130. *Id.* at 571-72. The court determined that plaintiff's mandamus action seeking to compel action from the USCIS was moot in light of the reaffirmance of its approval of the Form I-130. *Id.* at 574. The only difference between Mr. Ekwunife's case and *Khanom* is that, after considering Mr. Ekwunife's daughter's response to the notice, USCIS revoked its approval instead

of reaffirming its approval of the Form I-130. However, whether the Form I-130 is ultimately approved or denied is immaterial to the mootness analysis in a mandamus action because such an action merely seeks to compel adjudication. Either an approval or a denial constitutes an adjudication.

Thus, USCIS has adjudicated Mr. Ekwunife's Forms I-130 and I-485, and Mr. Ekwunife's complaint requesting adjudication of the same is moot.

## CONCLUSION

The Court grants USCIS's motion to dismiss Mr. Ekwunife's complaint. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE